```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                              :
LOUIS MURPHY,                 :
                              :
          Petitioner,         :   Civ. No. 23-0069 (NLH)
                              :
     v.                       :   OPINION
                              :
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Louis Murphy
71817-050
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

   *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Martha Kathleen Nye, Assistant U.S. Attorney
United States Attorney's Office for the District of New Jersey
401 Market St
4th Floor
Camden, NJ 08102

HILLMAN, District Judge

   Petitioner Louis Murphy pled guilty on December 10, 2021 to possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §

922(g)(1).  United States v. Murphy, No. 1:21-cr-00906 ("Crim. Case") ECF 86.  This Court sentenced Petitioner to a 132-month term of imprisonment and a 5-year term of supervised release on September 30, 2022.  Crim. Case ECF No. 96.

On October 10, 2022, Petitioner filed a notice of appeal from his judgment of conviction.  Crim. Case ECF No. 98; see also United States v. Murphy, No. 22-2893 (3d Cir. Oct. 11, 2022).  He subsequently filed a motion for reconsideration on December 17, 2022.  Crim. Case ECF No. 101.  The Court denied the reconsideration motion for lack of subject matter jurisdiction on December 12, 2022.  Crim. Case ECF No 110.  The Court further noted that "to the extent that Defendant is complaining about the performance of his trial counsel and his motion is properly viewed as a request to commence a civil action under 28 U.S.C. § 2255."  Id.  Petitioner filed the instant motion to vacate, set aside, or correct his federal sentence on January 6, 2023.  ECF No. 1.

Petitioner's direct appeal is still pending in the Third Circuit.  See generally Appeal No. 22-2893 (3d Cir.).  "[A] collateral attack is generally inappropriate if the possibility of further direct review remains open: 'A district court should not entertain a habeas corpus petition while there is an appeal pending in the court of appeals . . . .'"  Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (internal alterations

2

omitted) (quoting Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir. 19870).  See also Outterbridge v. Motley, No. 04-6058, 2005 WL 1541057, at *2 (D.N.J. June 30, 2005) ("It is clear that a § 2255 motion should not be heard while a direct appeal is pending regarding the same conviction.").  Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, . . . such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity."  United States v. Banks, 269 F. App'x 152, 153 (3d Cir. 2008) (emphasis omitted).  "While a direct appeal is pending, a District Court may consider a § 2255 motion only in 'extraordinary circumstances.'"  United States v. Ford, 215 F. App'x 167, 168 (3d Cir. 2007) (quoting Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968)).

   The Court concludes there are no extraordinary circumstances warranting simultaneous review in this case.  Petitioner received a 132-month custodial sentence; this is not a situation in which there is a reasonable possibility Petitioner may complete his sentence before his appeal concludes.  See United States v. Hadima, No. 1:CR-04-178-01, 2005 WL 2314161, at *1 (M.D. Pa. Sept. 22, 2005) ("[S]ince the short length of Hadima's sentence might render any § 2255 motion moot after his appeal is decided (assuming that the Third

3

Circuit denies the appeal), we will consider his current motion."). In addition to ineffective assistance of counsel claims, Petitioner's § 2255 motion challenges this Court's sentence. ECF No. 1. Sentencing matters are appropriate for consideration on direct appeal and do not present extraordinary circumstance requiring immediate review under § 2255. In the absence of extraordinary circumstances, the Court will not consider the § 2255 motion while Petitioner's appeal is pending.

"When a defendant files a § 2255 motion during the pendency of his direct appeal, we normally dismiss the motion without prejudice as premature." Hadima, 2005 WL 2314161, at *1. See also Banks, 269 F. App'x at 153; McLaughlin v. United States, No. 14-4450, 2015 WL 4647903, at *3 (D.N.J. Aug. 4, 2015) ("A district court's decision to dismiss without prejudice a § 2255 motion while the petitioner's direct appeal is pending is therefore proper."). Alternatively, the Court could stay the motion for the duration of direct review. Under the circumstances of this case, the Court concludes that dismissal without prejudice is prudent.

Petitioner has just begun the process of appealing his conviction and sentence, and it may continue for some time. "[A] judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for

4

certiorari."  Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).  Accordingly, Petitioner's one-year statute of limitations for filing a § 2255 has not begun and is not in danger of expiring soon.  Dismissal will also permit Petitioner to file a new § 2255 after his appeal, if necessary, "with the benefit of hindsight and the benefit of whatever the Circuit does."  McLaughlin, 2015 WL 4647903, at *3.  It will also give him an opportunity to make sure his § 2255 motion includes all potential claims for which he desires to seek review and relief.  See United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

    To the extent a certificate of appealability is required the Court declines to issue one.  Jurists of reason would not find it debatable that dismissal of the § 2255 motion as premature is correct.  28 U.S.C. § 2253(c)(2).

    An appropriate order follows.


Dated: January 12, 2023        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.